IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

IN RE:     WILLIAM C. BOYD                                   NO. 6:05-bk-72785
                                                                                                        (CHAPTER 7)
                                 Debtor.

BRIAN DANIEL & CHRISTY DANIEL                              PLAINTIFFS

VS.                                                   6:05-AP-7148

WILLIAM C. BOYD                                                                 DEFENDANT

## MEMORANDUM OPINION

On this date, the Court considers the complaint to determine dischargeability and objection to discharge filed by Brian Daniel and Christy Daniel in the matter of William C. Boyd's bankruptcy proceeding. The issues at bar are (1) whether Boyd's discharge should be denied under 11 U.S.C. § 727(a)(2)(A) for allegedly failing to disclose personal property with an intent to defraud creditors; (2) whether Boyd's discharge should be denied in accordance with 11 U.S.C. § 727 (a)(4)(A) for allegedly knowingly and fraudulently making a false oath; and (3) whether Boyd's debt to the Daniels, a state court judgment in the amount of $139,300.40, is nondischargeable pursuant to 11 U.S.C. § 532(a)(2)(A).[1]

On April 18, 2005, Boyd, the Debtor, filed a voluntary petition for relief under the provisions of Chapter 7 of the United States Bankruptcy Code. The 341(a) meeting of creditors was held on May 16, 2005. On September 12, 2005, creditors Brian and Christy Daniel filed a

---

[1] The Daniels also alleged in the complaint that their debt was nondischargeable pursuant to 11 U.S.C. § 523(a)(4) but later withdrew the allegation. (Pls.' Brief at 3.)

1

complaint to determine dischargeability and objection to discharge. The Daniels seek to except from discharge a state court judgment against Boyd, a contractor, for damages sustained during the construction of their house. The two objections to discharge concern statements made by Boyd in his petition and schedules. Boyd filed amended schedules on September 29, 2005. A hearing on the complaint and objection was held in Hot Springs, Arkansas, on February 7, 2006. The Court took the matters under advisement and the parties have filed briefs.

The Court has jurisdiction in this case pursuant to 28 U.S.C. § 1334 and § 157. The proceeding before the Court is a core proceeding in accordance with 28 U. S. C. §157(b)(2)(I) and (J), and the Court may enter a final judgment in this case. The following shall constitute findings of fact and conclusions of law as required by Federal Rule of Bankruptcy 7052.

## II.
## ARGUMENT

The Daniels argue that Boyd should be denied discharge pursuant to sections 727(a)(2)(A) and 727(a)(4)(A) for concealing assets and making a false oath on his bankruptcy schedules. They further state that the damages sustained by them in the construction of their new home should be held nondischargeable under the provisions of 11 U.S.C.§ 523(a)(2)(A) because the damages were proximately related to false representations made by Boyd to induce them to enter into the construction contract. The Daniels state in their brief that they received a benefit as a result of Boyd's work on their home and so they suggest an award of damages in the amount of $52,653.13 would be fair and appropriate. (Pls.' Brief at 8.)

Boyd argues that the 727(a) claims should be dismissed because he did not have the requisite fraudulent intent. Boyd also claims that the 523(a)(2)(A) claim should be dismissed because the Daniels did not prove that Boyd made false statements which caused damages to the

Daniels.

## III.
## DISCUSSION

### DENIAL OF DISCHARGE: 11 U.S.C. § 727

The burden of proof in a denial of discharge case is on the objecting party. Fed. R. Bankr. P. 4005; Ramsey v. Jones (In re Jones), 175 B.R. 994, 997 (Bankr. E.D. Ark. 1994). To prevail under section 727 of the U.S. Bankruptcy Code, the objector need only prove that one, not all of the section 727(a) exceptions to discharge exists. 11 U.S.C. § 727; In re Moss, 266 B.R. 408, 414 (B.A.P. 8th Cir. 2001). The denial of a discharge under section 727 is a harsh sanction and therefore the provisions are strictly construed in favor of the debtor. In re Sandecky, 283 B.R. 760, 763 (B.A.P. 8th Cir. 2002)(citing In re Korte v. United States of America (In re Korte), 262 B.R. 464, 469 (B.A.P. 8th Cir. 2001).

Objecting creditors must prove each of the elements of the section by a preponderance of the evidence. Id. In order to merit denial of a discharge, the misrepresentation or omission must be material, but the threshold to materiality is low and materiality turns on whether there is a relationship to the assets of the estate, not monetary value. Cepelak v. Sears (In re Sears), 246 B.R. 341, 347 (B.A.P. 8th Cir. 2000)(citing In re Olson, 916 F.2d 481, 484 (8th Cir. 1990)).

### DENIAL OF DISCHARGE: 11 U.S.C. § 727(a)(2)(A)

The Daniels argue that Boyd's discharge should be denied due to violations of section 727(a)(2)(A). Under the provisions of this section, the court shall grant the debtor a discharge unless "(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate has transferred, removed, destroyed, mutilated, or concealed, . . . – (A) property of the debtor,

3

within one year before the date of filing the petition." 11 U.S.C. § 727(a)(2)(A).

Specifically, the Daniels allege that Boyd did not list the following property, intending to conceal his interest from creditors: a 2003 Dodge Ram Pick-up, a 2003 GMC Sierra, a 2004 Dodge Ram, a 2004 Terry Trailer, and various tools used in Boyd's business. Boyd argues that the property at issue, other than the tools, belongs to his wife, Norma Boyd, and belonged to her at the time the petition and amendments were filed.

Boyd's claim that he did not have an obligation to disclose any interest in the vehicles because he did not have an ownership interest is simply not credible in light of the evidence from trial. The vehicles were listed as jointly owned on Mr. and Mrs. Boyd's 2005 personal property assessment in Montgomery County, Arkansas.[2] (Tr. at 22-23, Pls.' Ex. 5.) Also, vehicle inquiries from the State of Arkansas for both the 2003 GMC and the 2004 Dodge reflect that the vehicles are registered under the names of both William C. Boyd and Norma Boyd. ( Pls.' Exs. 8 and 9.)

Boyd testified that his wife bought the vehicles and trailer with money from her inheritance and that they were titled in her name. No titles were introduced into the record. Boyd also stated that all the vehicles, including the 2004 Dodge purchased in 2005 that he currently drives, were purchased in his wife's name because he had bad credit due to a voluntary repossession and he could not purchase a vehicle in his name (Tr. at 65, 90, 99, 108.) Both the original schedules and the amended schedules list First National Bank of Greenwood as a secured creditor holding a security interest on the Terry travel trailer with Norma Boyd as a co-

---

[2] A 2003 Pro Craft Bass Boat is also listed in the personal property assessment, but was listed in the original schedules and is not at issue in this proceeding.

debtor. (Pls.' Exs. 6 and 10.) Furthermore, Boyd testified at trial that he makes half the payments on both the 2004 Dodge and the 2003 GMC. (Tr. at 113-114.) The Debtor does not reflect the vehicle payments on his Schedule J. Boyd also claimed $21,710.00 as car and truck expenses in his contractor business on his 2004 tax return. (Pls.' Ex. 3.)

The Court finds that the Daniels have met their burden regarding the vehicles and the Terry trailer with overwhelming and essentially uncontroverted proof.

The Daniels also allege that Boyd violated this subsection by failing to list tools used in his business. The amended schedules, filed on September 29, 2005, list the following machinery and equipment used in business: air compressor, skill saw, sawall saw, air hoses, table saw, miter saw, cordless drill, electrical cords, router, airless sprayer. Amended Schedule B shows a value of $715.00 for the tools. Boyd claims that he openly owned the tools, the omission of the tools was an oversight, and he did not intend to defraud anyone.

As previously stated, the question of materiality in this subsection turns on the relationship that the omission has to assets of the estate, not monetary value. Tools used in a person's business certainly relate to the estate, particularly, in this case, to the business of building homes. Boyd's insistence at trial that the omission of his tools was an oversight is not a reasonable explanation. He did remember the tools when he filed his 2004 tax return because he claimed a deduction of $461.00. Boyd also notes to the Court that he amended his schedules to list the tools. However, the amendment occurred after the first meeting of creditors had occurred and the adversary proceeding in this case had been filed, circumstances that strongly suggest that Boyd did not file the amendments of his own accord. The Court finds that the Daniels have also met their burden regarding the tools.

5

**DENIAL OF DISCHARGE: 11 U.S.C. § 727(a)(4)(A)**

The Daniels further contend that Boyd's discharge should be denied due to a violation of 11 U.S.C. § 727(a)(4)(A). That statute provides: "(a) The Court shall grant the debtor a discharge, unless - . . . (4) The debtor knowingly and fraudulently, in or in connection with the case - (A) made a false oath or account . . ." 11 U.S.C. § 727(a)(4)(A). To succeed under this subsection, the Daniels must prove by a preponderance of the evidence that: (1) Boyd made a statement under oath; (2) that the statement was false; (3) Boyd made the statement with fraudulent intent; and (5) the statement related materially to Boyd's bankruptcy case. Fokkena v. Juehring (In re Juehring), 332 B.R. 587, 591 (Bankr. N.D. Iowa 2005) (citing In re Gehl, 325 B.R. 269, 276 (Bankr. N.D. Iowa 2005)).

"A false statement is material if it 'bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property.'" Jacoway v. Mathis (In re Mathis), 258 B.R. 726, 736 (Bankr. W.D. Ark. 2000)(internal citations omitted). However, once it reasonably appears that the oath is false, the burden shifts to the Debtor to come forward with evidence that he did not commit the offense. Hatton v. Spencer (In re Hatton), 204 B.R. 477, 482 (E.D. Va. 1997)(quoting In re Johnson, 139 B.R. 163, 166 (Bankr. E.D. Va. 1992) (quoting Boroff v. Tully (In re Tully), 818 F.2d 106, 110 (1st Cir. 1987))).

The statements made by debtors on their prescribed petitions and schedules are required to be verified under penalty of perjury, and thus have the force and effect of an oath. In re Sears, 246 B.R. at 347 (citing 28 U.S.C. 1746). The court in In re Sears noted that the harsh penalty meted out by 727(a)(4)(A), the denial of a discharge, is necessary to bolster the administration of

6

bankruptcy cases. In re Sears, 246 at 347 (citing Mertz v. Rott, 955 F.2d 596, 598 (8th Cir. 1992). The statute promotes truth-telling in the statements and schedules so that creditors and trustees will not have to resort to independent investigation and fact-finding. Mertz v. Rott, 955 F.2d at 598. These goals of the statute are fully realized when the debtor fully complies with the requirement that he or she make an accurate disclosure of creditors and assets. North River Ins. Co. v. Baskowitz (In re Baskowitz), 194 B.R. 839, 843 (Bankr. E.D. Mo. 1996). Whether or not a violation of the statute has occurred, the question of the debtor's knowledge and intent is a matter of fact. In re Sears, 246 B.R. at 347 (citing In re Olson, 916 F.2d 481, 484 (8th Cir. 1990)).

The Daniels allege that Boyd made the following false statements on his statement of financial affairs : (1) that he does not own a business;[3] and (2) that he made an income of $0.00 in 2004, the year in which Daniels had paid him at least $62,390.62 for construction work on their home. (Pls.' Ex. 4.) Boyd argues that the omission of his business was a mere oversight without requisite intent to deceive and that he did not have his income taxes prepared at the time the petition was filed, and, therefore, could not fill in a number.

Boyd testified that he signed the petitions and that the original petition was incorrect. The existence of a business is certainly material to the estate. The bankruptcy petition specifically asks whether the debtor has owned a business in the past six years. Boyd stated at the trial that he overlooked the question. He also testified that he had recently started his business, a direct contradiction to his verified oath in the amendments wherein he claimed that

---

[3] The amended schedules list the name of the business as Custom Built Homes of Arkansas. Boyd testified at trial that the name of the business is Boyd's Custom Built Homes. (Tr. at 72.)

he had owned a business from 1992 to the present. (Tr. at 97.) Once again, as with the tools of the business, the Court, in looking at the circumstances involved in this case regarding his business, finds that Boyd's explanation is unreasonable and unbelievable.

There is lastly the matter of Boyd's income for 2004. The original petition lists a 2004 gross income of $0.00 and the amendments list a 2004 gross income of $117,825.00. Boyd states that he did not know his income at the time the original petition was filed and that the petition was amended as soon as he became aware of his 2004 income. The Daniels introduced a letter dated April 12, 2005, from Boyd's tax preparer. (Pls.' Ex. 7.) The letter enclosed Boyd's 2004 tax returns. Boyd claims that although he had received the tax returns before his filing date, the bankruptcy papers had already been signed and were gone. (Tr. at 94-96.) This does not explain why Boyd could not have given his attorney a more approximate number for his 2004 income, and it does not explain why Boyd failed to file his amendments until September of 2005. See Gullickson v. Brown (In re Brown) 108 F.3d 1290, 1295 (10th Cir. 1997)(finding that the existence of amendments made only after the falsity of the original documents were revealed did not negate the knowing false oaths in the original petition); Sholdra v. Chilmark Fin. LLP (In re Sholdra), 249 F.3d 380, 382 (5th Cir. 2001) (concluding that original false oath was not negated by the fact that a debtor later amended his petition after the falsity of the original documents was revealed).

The court finds from a totality of the circumstances that Boyd did violate the false oath provisions of section 727(a) of the Bankruptcy Code.

## DISCHARGEABILITY OF A DEBT: 11 U.S.C. § 523(a)(2)(A)

The United States Bankruptcy Code excepts from a Chapter 7 discharge any debt for

"money, property, services, . . ." obtained as a result of false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.  11 U.S.C. § 523(a)(2)(A)(2000); Cohen v. De la Cruz, 523 U.S. 213, 218 (1998) (citing Field v. Mans, 516 U.S. 59, 64 (1995)).  The party seeking a finding of dischargeability of a debt must establish the elements of this subsection by a preponderance of the evidence.  Grogan v. Garner, 498 U.S. 279, 291 (1991).  Exceptions to the discharge are narrowly construed against the objecting creditor and in favor of the debtor.  Equitable Bank v. Miller (In re Miller), 39 F.3d 301, 304 (11th Cir. 1994); Land O'Lakes Farmland Feed LLC v. Gehl (In re Gehl), 325 B.R. 269, 274 (Bankr. N.D. Iowa 2005)(citing In re Long, 774 F.2d 875, 879 (8th Cir. 1985)); 4 Collier on Bankruptcy ¶ 523.05 (Alan N. Resnick & Henry P. Sommer, et al eds., 15th ed. rev. 1993).

In order to succeed in a 523(a)(2)(A) claim, a creditor must prove the following five common law elements of fraud.  These include: (1) the debtor made a false representation or pretense; (2) the debtor knew the representation was false when it was made; (3) the debtor intended to deceive the creditor or to induce him to act upon the representation; (4) the creditor justifiably relied upon the representation; and (5) the creditor sustained the alleged loss and damage as a proximate result of the representation. Thul v. Ophaug (In re Ophaug), 827 F.2d 340, 342 n.1 (8th Cir. 1987)(citations omitted).  See also Field, 516 U.S. at 77 (holding that the other party's reliance on the false representation must be "justifiable" under the circumstances).

The Daniels' claim that Boyd made the following false representations at the time negotiations for construction of the house were ongoing: 1) Boyd was a licensed contractor[4]; 2)

---

[4] According to Arkansas law, a person who undertakes to construct a single family residence is a "residential building contractor" and must be licensed by the Residential Building Contractors Committee. Ark. Code Ann. § 17-25-303 (Michie 2001).

Boyd was bonded and insured; and 3) Boyd did not have a criminal record.  The Daniels bear the burden of proving each of the common law elements of fraud by a preponderance of the evidence.  Brian Daniels and his mother both testified that Boyd said he was licensed, bonded and insured.  Boyd and his wife directly refute the allegations.  The contract does not mention being licensed, bonded or insured.  Brian testified that Boyd said he was never in trouble with the law; Boyd asserts that he never made that statement.  After reviewing the contradictory evidence and testimony, the evidence does not establish that the debt owed to the Daniels was a result of a false statement.  The debt was the result of poor workmanship which could have been performed by a licensed or unlicensed contractor.  The state court did not make any finding of fraud and in reviewing the testimony and evidence,  this Court cannot determine how much of the damages awarded by the state court  stems from breach of contract rather than fraud.  The fact that the Daniels voluntarily offer to reduce the damages amount by more than one half is further proof of the lack of a connection between the amount of the Daniels' claim and the alleged misrepresentations.

Therefore, for the reasons previously stated, the Debtor's discharge is denied for violations of section 727(a) of the Bankruptcy Code.  The complaint to determine the debt to the Daniels as nondischargeable under 11 U.S.C.  § 523(a)(2)(A) is dismissed.

IT IS SO ORDERED.

/s/ James G. Mixon
———————————————
JAMES G. MIXON
UNITED STATES BANKRUPTCY JUDGE

DATE: August 8, 2006

cc: Debtor
    Mark Honey, Esq.
    Jessica Steel Gunter, Esq.
    Trustee